[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The burden of establishing that the information sought constitutes attorney work product is upon the party asserting such a claim. Buckland v. New Haven Podiatry Associates, 4 CSCR 176
(1989, Flannagan, J.). Attorney involvement is necessary to invoke the work product privilege in the area of discovery. There is nothing in either the defendant's objections or in the document in question to indicate that any attorney for the defendant was involved in any way in the document's creation. As for "materials prepared in anticipation for litigation" it is obvious from the document in question that at the time Mr. Tidwell prepared his statement the plaintiff's attorneys were present which was a clear signal to Tidwell that litigation over the plaintiff's injuries was reasonably to be anticipated. Carrier Corp. v. The Home Insurance Company, CV No. 352383, Judicial District of Hartford-New Britain at Hartford, (Jun 12, 1992, Shaller, J.).
The court finds that the document in question although not attorney work product, was prepared in anticipation of litigation within the meaning of P.B. 219. Accordingly, the plaintiff must make a showing that he has substantial need of the document in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the material by other means. The plaintiff has amply satisfied these requirements.
However, the disclosure is limited by the terms of 219 so as to prohibit disclosure "of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the parties concerning the litigation". (Emphasis supplied). Clearly, Dale Tidwell was a representative of the defendant KDI Sylvan Pools.
In compliance with this rule and after an in camera inspection of the document in question the court holds that the statements redacted by the court are either mental impressions, conclusions or CT Page 1447 opinions of a representative of the defendant. The remainder of the document is discoverable.
[EDITORS' NOTE: THE DOCUMENT IS ELECTRONICALLY NON-TRANSFERRABLE.]